J-S15020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN KEVIN BRES | : | |
| | : | |
| Appellant | : | No. 1060 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008922-2000

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY SHOGAN, J.:                      FILED JUNE 18, 2019

Appellant, Shawn Kevin Bres, appeals from the order dismissing his petition seeking habeas corpus relief, or alternatively, a remedy pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we conclude that the PCRA court properly treated Appellant's filing as an untimely PCRA petition and correctly dismissed the petition. Accordingly, we affirm.[1]

_____

[1] Counsel for Appellant, Jacob C. McCrea, Esquire, has filed appeals involving six defendants, all of whom are convicted sex offenders, at the following Superior Court docket numbers: Commonwealth v. Robinson at 1057-1058 WDA 2018; Commonwealth v. Bres at 1060 WDA 2018; Commonwealth v. Brant at 1061 WDA 2018; Commonwealth v. Preik at 1062-1063 WDA 2018; Commonwealth v. Pruitt at 1064-1066 WDA 2018; and Commonwealth v. Jones at 1067 WDA 2018.   The issues raised in all of these appeals are identical; however, each defendant's appeal is addressed in a separate memorandum.

_____

*   Retired Senior Judge assigned to the Superior Court.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] has appealed from this Court's Order of June 27, 2018, which dismissed his third Amended Post Conviction Relief Act Petition without a hearing. However, a review of the record reveals that because the Petition was untimely, this Court was without jurisdiction to address it. The Petition was, therefore, properly dismissed.
>
> [Appellant] was charged with Involuntary Deviate Sexual Intercourse,[1] Aggravated Indecent Assault,[2] Indecent Assault,[3] Incest, Endangering the Welfare of a Child[4] and Corruption of Minors.[5] He appeared before the Honorable Donald Machen[6] of this Court on February 14, 2001 and pled guilty to the charges. He next appeared before Judge Machen on August 16, 2001 and was sentenced to consecutive terms of imprisonment of five (5) to 10 years at the IDSI charge, three (3) to six (6) years at the Aggravated Indecent Assault charge and one (1) to two (2) years at the Incest charge for an aggregate term of imprisonment of nine (9) to 18 years, with an additional term of probation of 20 years and lifetime registration pursuant to Megan's Law. No Post-Sentence motions were filed and no direct appeal was taken.
>
> > [1] 18 Pa.C.S.A. §3123
> >
> > [2] 18 Pa.C.S.A. §3125
> >
> > [3] 18 Pa.C.S.A. §3126
> >
> > [4] 18 Pa.C.S.A. §4304
> >
> > [5] 18 Pa.C.S.A. §6301
> >
> > [6] Now retired[]
>
> No further action was taken until March 7, 2005, when [Appellant] filed a pro se PCRA Petition. Judge Machen appointed Scott Coffey, Esquire, to represent [Appellant], but Attorney

Coffey later filed a Turner[2] "No-Merit" Letter and sought and was granted permission to withdraw. Judge Machen eventually dismissed the PCRA Petition without a hearing on March 27, 2007. No direct appeal was taken.

Again, no further action was taken until August 10, 2016, when [Appellant] filed his second pro se Post Conviction Relief Act Petition with this Court. Suzanne Swan, Esquire, was appointed to represent [Appellant], although she eventually filed a Turner "No-Merit" Letter and sought and was granted permission to withdraw from the representation. After giving the appropriate notice of its intent to do so, this Court dismissed the Petition without a hearing on March 15, 2017.

Thereafter, on November 3, 2017, [Appellant] filed his third pro se Post Conviction Relief Act Petition alleging that, pursuant to Commonwealth v. Muniz, 169 A.3d 1189 (Pa. 2017), his lifetime registration was unconstitutional. Counsel was appointed to represent [Appellant] and an Amended Petition was filed. The Commonwealth, through the Office of the District Attorney filed a response to the Amended Petition. Thereafter, the Pennsylvania State Police, through the Office of the Attorney General, sought and was granted permission to intervene. After giving the appropriate notice of its intent to do so, this Court dismissed the Amended Petition on June 27, 2018 without a hearing. This appeal followed.

PCRA Court Opinion, 10/10/18, at 1-3.  The PCRA court dismissed Appellant's PCRA petition because it was untimely filed.  Id. at 4.  Appellant filed a timely notice of appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

_____

[2] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc) (setting forth the requirements for counsel to withdraw in a collateral proceeding).

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Whether the trial court erred in ruling that it lacked jurisdic[ti]on to adjudicate the merits of the amended PCRA petition and/or petition for writ of habeas corpus?
>
> 2. Whether the trial court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state ex post facto and double jeopardy clauses?

Appellant's Brief at 5 (full capitalization omitted).

At the outset, we must determine whether Appellant's petition was correctly deemed a PCRA petition or whether it should have been considered a petition for habeas corpus relief. Appellant argues that his filing should have been treated as a habeas corpus petition because the relief sought in the petition falls outside of the strictures of the PCRA pursuant to the holding in Commonwealth v. Bundy, 96 A.3d 390 (Pa. Super. 2014). Appellant's Brief at 10. We disagree.

In Bundy, this Court held that the PCRA did not apply to challenges to sex offender registration requirements under Megan's Law because claims under Megan's Law did not implicate the conviction or sentence. Bundy, 96 A.3d at 394. However, due to substantial changes in the law of sex offender registration, Bundy does not apply to Appellant's petition.

After the enactment of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42, which replaced Megan's Law, our Supreme Court determined that the SORNA registration provisions are

punitive in nature and that retroactive application of SORNA's requirements violates both the Pennsylvania and federal ex post facto clauses. Commonwealth v. Muniz, 164 A.3d 1189, 1193 (Pa. 2017). Furthermore, the punitive nature of SORNA impacts the legality of a sex offender's sentence. Commonwealth v. Butler, 173 A.3d 1212, 1215 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018).[3] Therefore, Appellant's claims challenging the application of SORNA's registration requirements, as opposed to the requirements under Megan's Law, are issues concerning the legality of a sentence and cognizable under the PCRA. Commonwealth v. Greco, 203 A.3d 1120, 1123 (Pa. Super. 2019) (citing Commonwealth v. Murphy, 180 A.3d 402, 405-406 (Pa. Super. 2018), appeal denied, 195 A.3d 559 (Pa. 2018)). Thus, because Appellant is challenging the application of SORNA, the decision in Bundy is immaterial, and the PCRA court properly considered

_____

[3] Following the decisions in Muniz and Butler, our General Assembly passed Acts 10 and 29 of 2018 in an effort to address SORNA's constitutional defects. 42 Pa.C.S. § 9799.51(b)(4). Specifically, the General Assembly modified the registration requirements for offenders convicted of committing offenses on or after SORNA's effective date, December 20, 2012. The General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth registration requirements for offenders convicted of committing offenses on or after the effective date of Megan's Law I, April 22, 1996, but prior to SORNA's effective date of December 20, 2012. Subchapter I applies to offenders whose period of registration has not expired, and offenders required to register under a prior sexual offender registration law on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired. Recently, pursuant to 42 Pa.C.S. § 722(7), our Supreme Court granted a direct appeal from a decision in the Montgomery County Court of Common Pleas to determine whether Acts 10 and 29 are constitutional. Commonwealth v. Lacombe, 35 MAP 2018 (Pa. 2018).

Appellant's claims under the PCRA. See Commonwealth v. Montgomery, 181 A.3d 359, 367 (Pa. Super. 2018) (noting that the PCRA is the sole means of obtaining collateral relief, and it encompasses all other common law and statutory remedies including habeas corpus) (citing 42 Pa.C.S. § 9542)).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). We are limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the

merits of the petition. Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).[5]

_____

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] We note that Section 9545(b)(2) was amended on October 24, 2018, effective sixty days later on December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the sixty-day time limit in section 9545(b)(2) applies to Appellant's petition, as it was filed prior to December 24, 2017. Although Appellant also filed an amended

- 7 -

Our review of the record reflects that the trial court imposed Appellant's judgment of sentence on August 16, 2001, and Appellant did not file a direct appeal. Therefore, Appellant's judgment of sentence became final on September 15, 2001, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court. See 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order for a first or subsequent PCRA petition to be timely, it had to be filed on or before September 16, 2002.[6]

Documents in the record reference a March 7, 2005 PCRA petition, Appellant's first, that Appellant filed pro se.[7] The PCRA court appointed counsel on September 6, 2006, and counsel filed a petition to withdraw and a Turner/Finley "No Merit Letter." Motion to Withdraw, 2/12/07. The PCRA

_____

petition after the effective date, it does not alter our analysis or conclusion as Appellant has failed to plead and prove any exception to the PCRA time bar.

[6] Appellant's one-year period in which to file a timely PCRA petition expired on Sunday, September 15, 2002, thus, Appellant had until Monday, September 16, 2002, to file a timely PCRA petition. See 1 Pa.C.S. § 1908 ("Whenever the last day of any … period [of time referred to in a statute] shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[7] Although the pro se March 7, 2005 PCRA petition is referred to by Appellant's counsel in a motion to withdraw pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc), and by the PCRA court in both its March 28, 2007 order denying PCRA relief and its October 10, 2018 opinion, the document does not appear in the record.

court granted counsel's petition to withdraw on February 20, 2007, and it denied PCRA relief on March 28, 2007. Appellant did not file an appeal.

Appellant filed his second PCRA petition on August 10, 2016. Counsel was appointed on August 17, 2016, and counsel filed a petition to withdraw on November 29, 2016. The record reflects that the PCRA court granted counsel's petition to withdraw on December 2, 2016. In its October 10, 2018 opinion, the PCRA court states that it denied Appellant's second PCRA petition on March 15, 2017, PCRA Court Opinion, 10/10/18, at 2.[8]

Appellant filed a subsequent petition for relief, which underlies the current appeal, on November 3, 2017. Counsel was appointed, and he filed an amended petition on March 12, 2018. Because Appellant's petition was filed more than fifteen years after September 16, 2002, it is patently untimely.

However, we reiterate, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). Here, Appellant has failed to plead and prove any exception to the PCRA time bar. Thus, the PCRA court properly denied his petition.

_____

[8] There is no corresponding order in the certified record reflecting that the PCRA court denied Appellant's second PCRA petition. Nevertheless, we conclude that absence of an order denying Appellant's second PCRA petition does not impact our review. Moreover, the PCRA court appointed counsel to represent Appellant in all three of his PCRA petitions.

Furthermore, assuming Appellant presented the holding in Muniz as an exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii), we would still conclude that no relief is due. As this Court recently explained:

> [W]e acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See Abdul–Salaam, supra. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Murphy, 180 A.3d at 405-406 (emphasis in original).

Because our Supreme Court has not held that Muniz applies retroactively to untimely PCRA petitions, Appellant cannot satisfy his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Accordingly, had this exception to the PCRA time bar been properly raised, we would conclude that the PCRA court properly dismissed Appellant's petition as untimely.

In sum, the PCRA court correctly treated Appellant's filing as a PCRA petition, concluded that the petition was untimely, and found that Appellant failed to establish the applicability of any exception to the PCRA timing requirements. PCRA Court Opinion, 10/10/18, at 4. As such, the PCRA court lacked jurisdiction to address any claims presented. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2019